IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
2013 JUN 13 PM 3:01
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

RAPHAEL DEKEMPER, )
)
    PETITIONER, )
)
v. )
) CAUSE NO. 1:13-CV-260-SEB-MJD
BRIAN SMITH, )
)
    RESPONDENT. )

### PETITIONER'S TRAVERSE WITH SUPPORTING POINTS AND AUTHORITIES

PETITIONER, RAPHAEL DEKEMPER, HEREBY SUBMITS SUBMITS THIS TRAVERSE WITH SUPPORTING AUTHORITIES TO THE COURT AND RESPECTFULLY REQUESTS THAT THE PETITION FOR WRIT OF HABEAS CORPUS BE GRANTED. IN SUPPORT, THE PETITIONER STATES:

1) THE PETITIONER CHALLENGES THE PRISON DISCIPLINARY CONVICTION OF "TRAFFICKING," AN OFFENSE CODED BY THE INDIANA DEPARTMENT OF CORRECTION'S DISCIPLINARY PROCEDURES WHICH IS DEFINED BY THE INDIANA CODE § 35-44-3-9 (RESCINDED 2012). IN MAKING ITS DETERMINATION OF GUILT, THE D.O.C. HEARING PROCESS FAILED TO PROVIDE INTRINSIC EVIDENCE TO SUBSTANTIATE THE ALLEGED TRAFFICKING, AND THE DECISION-MAKER OVERZEALOUSLY ~~RECEIVED~~ DEKEMPER FOR THE OFFENSE, VIOLATING

RECEIVED
JUN 13 2013
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

-1-

PROCEDURAL DUE PROCESS.

2) THE PETITIONER IS IN AGREEMENT WITH THE RESPONDENT REGARDING JURISDICTION, EXCEPTING THE ISSUES OF PROJECTED RELEASE DATE.

3) THE PETITIONER IS IN AGREEMENT WITH THE RESPONDENT REGARDING EXHAUSTION AND RELAVENT FACTS, EXCEPTING THE ERRONEOUS MENTION OF "AUGUST 17, 2012, COUNSELOR STATES" ON PAGE 2 OF RESPONDENT'S RETURN TO ORDER TO SHOW CAUSE AND THE HEARING OFFICER'S IMPLICIT REVIEW OF THE AUDIO INTERVIEW. THE HEARING RECORD IS IN FACT DEVOID OF EVIDENCE SUPPORTING THE CODED OFFENSE.

4) ALTHOUGH THE STANDARD OF REVIEW FOR WRITS UNDER SECTION 2254 FOR VIOLATIONS OF THE UNITED STATES CONSTITUTION DO NOT RECOGNIZE VIOLATIONS OF STATE LAW, IN THIS INSTANCE THE INDIANA CODE § 35-44-3-9, NOT INDIANA CODE § 35-44.1-3-5 WHICH THE RESPONDENT POINTS AT IN ITS RETURN ON PAGE 5, IS THE STANDARD UTILIZED TO DEFINE THE DEPARTMENTAL RULE WHICH DEKEMPER'S LIBERTY INTERESTS ARE BEING INFRINGED UPON FOR AN ALLEGED VIOLATION OF (PETITIONER'S EX. A2).

5) THE D.O.C.'S FAILURE TO DEMONSTRATE THAT DEKEMPER CLEARLY BREACHED THIS ESTABLISHED THRESHOLD (PETITIONER'S EX. H2) WITHIN THE DISCIPLINARY PROCEEDINGS TRANSPARENTLY IGNORES DUE PROCESS SAFEGUARDS
    (d) A WRITTEN STATEMENT BY THE FACT-FINDER OF THE EVIDENCE RELIED ON; AND
    (e) "SOME EVIDENCE" TO SUPPORT THE DETERMINATION OF GUILT

WHICH ARE OUTLINED BY <u>SUPERINTENDENT V. HILL</u>,

472 U.S. 445 (1985) AND WOLFF v. McDONNELL, 418 U.S. 539 (1974). IN ADDITION, THE HEARING OFFICER'S IMPOSITION OF ARBITRARY SANCTIONING CLEARLY DEMONSTRATED THAT DEKEMPER WAS NOT AFFORDED AN OPPORTUNITY TO BE HEARD BY AN IMPARTIAL DECISION-MAKER.

6) THE COURT SHOULD GRANT THE REQUESTED HABEAS CORPUS RELIEF BECAUSE THE DISCIPLINARY PROCEDURES AND HEARING OFFICER'S DETERMINATION DID NOT COMPLY WITH PROCEDURAL DUE PROCESS STANDARDS FOR THE PRISON SETTING. THE EVIDENCE OF EXCHANGES BETWEEN DEKEMPER AND OFFICER JACOBS FAILED TO ESTABLISH THAT ANY ARTICLES WERE BROUGHT INTO OR TAKEN OUT OF THE FACILITY, AN ESSENTIAL ELEMENT OF TRAFFICKING. OFFICER JACOBS ROUTINELY WORKED AT THE PRISON COMMISSARY IN CONJUNCTION WITH OTHER DUTIES PERFORMED IN THE PRISON'S DISCIPLINARY OFFICE. SO, NOT ONLY WERE THE FOODS AND CANDIES POINTED TO AS EVIDENCE ALREADY ON SITE AT THE FACILITY, BUT PAPERS AND WRITING UTENSILS WERE ALSO READILY AVAILABLE FOR THEIR CONTACT TO ENSUE. THEIR INTERACTIONS WERE ADMITTEDLY INAPPROPRIATE EVEN AS THEY DO NOT CONSTITUTE TRAFFICKING SINCE THE ARTICLES EXCHANGED ORIGINATED FROM WITHIN THE FACILITY AND NO SECURITY POINTS WERE BREACHED. THESE FACTS WOULD HAVE BEEN MADE CLEAR BY THE AUDIO EVIDENCE REQUESTED DURING THE PROCEEDINGS. BY FAILING TO ENTER INTO THE HEARING RECORD EVIDENCE WHICH WAS REQUESTED AT SCREENING, OR AN EXPLICIT SUMMARY OF WHAT

THE HEARING OFFICER ASCERTAINED UPON REVIEW OF THE EVIDENCE, DEKEMPER WAS DENIED THE OPPORTUNITY TO CONTEST THE EVIDENCE'S VALIDITY AND CONTENT. THE HEARING OFFICER FAILED TO OFFER ANY EXPLANATION AS TO WHY NONE OF THE AUDIO IS ABLE TO BE EXAMINED IN THE DISCIPLINARY HEARING RECORD. SEE PONTE V. REAL, 471 U.S. 491, 499, 85 L. Ed.2d 553, 105 S. Ct. 2192 (1985). THIS FAILURE PREJUDICIALLY TAINTED THE RECORD. FURTHERMORE, THE EGREGIOUS SANCTIONING IN DISREGARD FOR THE ESTABLISHED POLICIES DEMONSTRATED THE HEARING OFFICER'S PARTIALITY AND UNFAIRNESS.

7) THE RIGHTS TO DUE PROCESS IN THE PRISON SETTING ARE IMPORTANT AND WELL DEFINED, SO AS TO PRESERVE THE SPIRIT OF THE U.S. CONSTITUTION. THE FAILURE TO ALLOW DUE PROCESS IN A PRISON DISCIPLINARY HEARING WHERE LIBERTY INTERESTS ARE IMPACTED VIOLATE THE **FOURTEENTH** AMENDMENT. SEE MORROW V. VANATTA, C.A. 7 (IND.) 2003, 64 FED. APPX. 553, 2003 WL 1870721, UNREPORTED; AND RICHARDS V. BUSS, C.A. 7 (IND.) 2006, 190 FED. APPX. 491, 2006 WL 2053497, UNREPORTED.

8) THE PETITION IS CLEAR AS TO THE GROUNDS WHICH HABEAS CORPUS RELIEF MAY BE GRANTED UNDER WOLF V. HILL, SUPRA. THAT IS, DEKEMPER WAS DENIED HIS RIGHTS TO PRESENT EVIDENCE BEFORE AN IMPARTIAL DECISION-MAKER AND HAVE A WRITTEN STATEMENT ARTICULATING THE EVIDENCE JUSTIFYING THE DISCIPLINARY ACTION. THE TRAFFICKING CHARGE WAS OBFUSCATED BY THE HEARING PROCESS AND THE HEARING OFFICER'S PARTIALITY WAS EVIDENT

BY THE UNALLOWABLE SANCTIONS WHICH REMAINED IN PLACE UNTIL THE DATE WHICH THE RESPONDENT FILED ITS RETURN TO ORDER TO SHOW CAUSE.

9) THE PETITIONER COULD NOT OVERCOME THE PREJUDICE HE FACED DURING THE DISCIPLINARY PROCEEDINGS THROUGH ANY DEFENSE PRESENTED TO THE DECISION-MAKER, AND A FUNDAMENTAL MISCARRIAGE RESULTS IF THE MERITS TO THIS WRIT ARE NOT REALIZED. "THE TOUCHSTONE OF DUE PROCESS IS PROTECTION OF THE INDIVIDUAL AGAINST ARBITRARY ACTION OF THE GOVERNMENT." WOLF, 418 U.S. at 558. THE ARBITRARY ACTIONS OF THE D.O.C. AND ITS HEARING OFFICER AMOUNTED TO AN INFIRMITY OF PROCEDURAL DUE PROCESS IN EACH ASPECT OF CHARGING, EVIDENTIARY SUBSTANCE, AND SANCTIONING. ACCORDINGLY, THE PETITION FOR A WRIT OF HABEAS CORPUS SHOULD BE GRANTED.

WHEREFORE, THE PETITIONER PRAYS THAT THIS HONORABLE COURT ACKNOWLEDGE THE DUE PROCESS VIOLATIONS ARTICULATED HEREIN AS HAVING OCCURRED AND GRANT THE FOREGOING PETITION FOR WRIT OF HABEAS CORPUS. ADDITIONALLY, PETITIONER ASKS THAT AS PART OF ITS ORDER, THIS COURT MANDATE ALL OF PETITIONER'S ENTITLEMENTS AND ELIGIBILITIES APPLICABLE PRIOR TO THE IMPOSITION OF THIS DISCIPLINARY SANCTION BE ORDERED RESCINDED, AS WELL, AND PETITIONER PRAYS FOR ALL OTHER RELIEF DEEMED JUST AND PROPER UNDER THESE PREMISES.

RESPECTFULLY SUBMITTED,

/s/ RwD

RAPHAEL DEKEMPER, #973620
P.C.F.
4490 W. REFORMATORY RD.
PENDLETON, IN 46064

## CERTIFICATE OF SERVICE

I, RAPHAEL DEKEMPER, DO HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING TRAVERSE WAS SERVED UPON THE ATTORNEY GENERAL FOR THE STATE OF INDIANA ON THIS 12TH DAY OF JUNE 2013, BY PLACING A COPY OF SAME IN THE UNITED STATES MAIL, FIRST-CLASS, POSTAGE PRE-PAID.

/s/ R.K.

RAPHAEL DEKEMPER, #973622
P.C.F.
4490 W. REFORMATORY RD.
PENDLETON, IN 46064