UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RAPHAEL DeKEMPER, )<br>)<br>          Petitioner, )<br>v. )<br>)<br>BRIAN SMITH, )<br>)<br>          Respondent. ) | No. 1:13-cv-260-SEB-MJD |

**Entry and Order Dismissing Action**

**I.**

Limited and well-defined due process procedures must be followed before good time may be taken from a prison inmate such as petitioner Raphael DeKemper.

> Due process requires that prisoners in disciplinary proceedings be given: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992); *see also Wolff v. McDonnell,* 418 U.S. 539, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974).

*Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

In the present action, state inmate DeKemper seeks a writ of habeas corpus based on his contention that the disciplinary identified as No. IYC 12-11-0125, in which DeKemper was charged with and found guilty trafficking, is tainted by constitutional error.

The pleadings and the expanded record, however, show that prison authorities adhered to each of the procedural requirements of *Wolff* and that the hearing officer's decision was supported by constitutionally sufficient "some evidence." DeKemper's contentions otherwise are either refuted by the expanded record or based on assertions which do not entitle him to relief. Specifically, the report of investigation which accompanied the conduct report is specific that Correctional Officer Jacobs supplied DeKemper with contraband items, and this narrative is sufficient. *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000) (even Ameager@ proof is sufficient). Although the evidence before the disciplinary board must "point to the accused's guilt," *Lenea v. Lane, 882* F.2d 1171, 1175 (7th Cir. 1989), Aonly evidence that was presented to the Adjustment Committee is relevant to this analysis.@ *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). As to the severity of the sanctions which were imposed, this is not ordinarily cognizable in an action such as this, *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997), and this case is no exception.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles DeKemper to the relief he seeks. Accordingly, DeKemper's petition for a writ of habeas corpus must be **denied** and the action **dismissed.**

**II.**

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: ___09/04/2013___

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Raphael DeKemper
No. 973620
Plainfield Correctional Facility
727 Moon Road
Plainfield, IN 46168

Electronically Registered Counsel